# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **YOGLIBEL MASSIEL URBINA-MEDINA,** | § | |
| | § | |
| ***Petitioner*,** | § | |
| | § | |
| | § | **No. 3:26-CV-01173-LS** |
| **v.** | § | |
| | § | |
| **DEPARTMENT OF HOMELAND SECURITY,** | § | |
| | § | |
| | § | |
| ***Respondent*.** | § | |

## ORDER DISMISSING CASE

Respondent has notified the court that Petitioner was released from custody on or about August 13, 2026, to the El Paso Police Department.[1] Petitioner filed a petition for a writ of habeas corpus regarding his detention by Immigration and Customs Enforcement.[2] Because Petitioner is no longer detained by Respondent, his petition is moot.[3] The Court therefore **DENIES** Petitioner's writ of habeas corpus and **DISMISSES** this case as moot.

**SO ORDERED**.

**SIGNED** and **ENTERED** on November 3, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[1] ECF No. 8.
[2] ECF No. 2.
[3] *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (stating that a habeas petition becomes moot when the habeas relief requested can no longer be effected); *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" (citation omitted)).